**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Eddie T. Ruffin,

    Plaintiff,

    v.                                      Case No. 1:07cv1013

Frisch's Restaurant,                 Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation (R&R) which recommends that the Defendant's Motion to Dismiss be granted (Doc. 25).

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Plaintiff filed timely objections (Doc. 26)[1] and Defendant filed a Response to the Objections (Doc. 27).

**I.    BACKGROUND**

Plaintiff, proceeding *pro se*, brings this employment discrimination action against his former employer, Frisch's Restaurant, alleging discrimination on the basis of Plaintiff's disability and race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

---

[1] In his Objections, Plaintiff fails to assert any reasons for his objections, rather, he requested "an extended time to get the money, which I don't have at the present time, because of health reason[s] + financial reasons." (Doc. 26, at 2).

Defendant terminated Plaintiff on October 11, 2006. (Doc. 5 at 4). On March 29, 2007, Plaintiff filed a claim of discrimination with the EEOC. (Id.) The EEOC subsequently dismissed the discrimination charge and notified Plaintiff of his right to file a civil action. (Doc. 19-2). This Notice and Right to Sue letter was issued on April 9, 2007.[2] (Id.) The letter advised that any lawsuit must be filed within ninety days of the receipt of the letter, otherwise the right to sue would be forfeited. (Id.)

On December 14, 2007, Plaintiff presented his Motion for Leave to Proceed *in forma pauperis* and his Complaint to this Court. (Doc. 1). Because Plaintiff's Complaint was unsigned, Plaintiff was ordered to sign and return his Complaint within thirty-days. On March 3, 2008, Plaintiff's signed Complaint was received, Plaintiff's motion *in forma pauperis* was granted, and his Complaint was filed. (Docs. 2, 4, 5).

Defendant argues that Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 19 at 3). Defendant contends that Plaintiff's Complaint should be dismissed because Plaintiff did not file his Complaint within ninety-days of receiving the Notice of Right to Sue from the EEOC. Plaintiff responds that he failed to file his lawsuit within the ninety-day time period because (1) he was unaware of the procedure for filing a lawsuit based on discrimination; and (2) he was heavily medicated during that period of time. (Doc. 20, at 1).

## II. MAGISTRATE JUDGE'S R&R

The Magistrate Judge recommends dismissing Plaintiff's Complaint and terminating this case from the Court's docket. The Magistrate Judge concluded that Plaintiff's Complaint was untimely filed because it was filed beyond the expiration of the ninety-day

---

[2] Plaintiff contends that he received the Right to Sue letter on March 29, 2007. (Doc. 5).

period, *i.e.*, July 13, 2007. The Magistrate Judge explained that a timely filing is a condition precedent to suit in federal court and, much like a statute of limitation, is subject to waiver, estoppel and equitable tolling. However, the Magistrate Judge found that waiver, estoppel and equitable tolling were inapplicable in the present matter.

### III. ANALYSIS

As the Magistrate Judge noted, the failure to file a complaint within the ninety-day statutory time frame should be treated in the same manner as a failure to file within a statute of limitations. *See Truitt v. County of Wayne*, 148 F.3d 644, 646-47 (6th Cir. 1998). As such, this ninety-day requirement is subject to waiver, estoppel and equitable tolling. *Id.*

The Court finds that waiver or estoppel are not applicable in this instance.[3] Therefore, Plaintiff must show that he is entitled to equitable tolling.

Equitable tolling generally "applies when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000), *citing Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). Courts have consistently held that equitable tolling should be applied in very limited circumstances and that absent "compelling equitable considerations," these limitations should not be extended. *Graham-Humphreys*, 209 F.3d at 560-61; *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Johnson v. United States Postal Service*, 863

---

[3] Waiver is the "intentional relinquishment or abandonment of a known right." *Days Inns Wolrdwide, Inc. v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006). Equitable estoppel is "invoked in cases where the defendant takes active steps to prevent the plaintiff from suing in time, such as by hiding evidence or promising not to plead the statute of limitations." *Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 891 (6th Cir. 2004).

F.2d 48, 1998 WL 122962, at *3 (6th Cir. Nov. 16, 1988). The Sixth Circuit has adopted a five factor test to determine whether equitable tolling should be applied: "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness is remaining ignorant of the particular legal requirement." *Truitt*, 148 F.3d at 648.

The Court finds that the Magistrate Judge did not err in applying these factors in this matter. The Supreme Court has held equitable tolling does not apply when the EEOC's right to sue letter clearly informs the plaintiff of the ninety-day time period. *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151 (1984). Here, not only was Plaintiff informed of the ninety-day time period in the right to sue letter, but Plaintiff previously had a similar lawsuit dismissed by this Court for failing to meet the same ninety-day deadline. *See Ruffin v. McDonald's Rest.*, Case No. 1:07cv-1014 (S.D. Ohio 2008).

Moreover, Plaintiff has presented no evidence showing he was incapacitated for the entirety of the ninety-day period. While Plaintiff has produced several letters from doctors stating that Plaintiff suffers from Schizoaffective disorder, bipolar type and anxiety, these letters refer to treatment Plaintiff was receiving in December of 2008 and January of 2009, and are silent as to treatment during the time period between April 9, 2007 and July 13, 2007. The Court concludes that this is not a case where Plaintiff was prevented from meeting the statutory requirements; rather, this is a case where Plaintiff simply failed to comply.

Because Plaintiff has not shown that he is entitled to equitable tolling, his Complaint was untimely filed. Accordingly, the Court hereby **ADOPTS** the Magistrate Judge's Report

and Recommendation (Doc. 25) that Defendant's Motion to Dismiss (Doc. 19) be **GRANTED**. Plaintiff's Complaint should be dismissed with prejudice and this matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.

    **IT IS SO ORDERED.**

                                                 */s/ Michael R. Barrett*
                                                Michael R. Barrett, Judge
                                                United States District Court